IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA O. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17 C 1050 |
| | ) | |
| SHERIFF DONALD KRAMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS' PAVEY MOTION

Joshua Scott filed a *pro se* lawsuit challenging the conditions of his confinement at the Kane County Jail. Specifically, Scott alleged that he was objected to extreme cold and was not permitted to use a blanket during daytime hours due to an established rule at the jail. Defendants answered Scott's *pro se* amended complaint and asserted a defense of failure to exhaust administrative remedies as required by the Prison Litigation Reform Act. At the initial status hearing, held on October 25, 2017, defendants' counsel said she was likely to file a motion under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), seeking dismissal of Scott's claims for failure to exhaust. The Court directed defendants to file their *Pavey* (non-exhaustion) motion before the next status hearing, set for November 27, 2017. Defendants did not file a *Pavey* motion within the time ordered by the Court, and at the November 27 status hearing they affirmatively advised the Court that "they are not asserting a defense of non-exhaustion." Order of Nov. 27, 2017. Based partly on this concession, the Court appointed counsel to represent Scott. Counsel then filed a second amended complaint, reasserting Scott's claims about cold temperatures and the jail's blanket rule, and also

adding new claims, involving exposure to unsanitary conditions, lack of access to adequate drinking water, and exposure to excessive noise that he contends aggravated a mental health condition.

Defendants have now filed a *Pavey* motion that concerns all of Scott's claims, contending on some that he did not properly appeal the denial of grievances and on others that he did not file appropriate grievances in the first place. The Court enters summary judgment against defendants on their non-exhaustion defense with regard to Scott's he cold temperatures / blanket rule claim. Defendants affirmatively waived that defense at an earlier point in the case. They were aware of the possibility of the defense, were given a deadline to file an appropriate motion, and then advised the Court that they had elected not to assert the defense. That is a knowing and intelligent waiver, on which the Court relied in appointing counsel to represent Scott. The later filing of a second amended complaint does not entitle defendants to a do-over.

The Court also overrules the non-exhaustion defense regarding Scott's claim about unsanitary conditions. The evidence reflects that after he filed a grievance, he was put into a new cell where he did not have the same problem. Having obtained all the relief he could have gotten via the grievance system, he was not required to appeal and has satisfied the exhaustion requirement on this claim. *See Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005).

The Court grants defendants' *Pavey* motion regarding Scott's remaining claims, regarding drinking water and excessive noise. There is no evidence that Scott initiated grievances on either of these claims. In his response to the motion, Scott alleges that he had maxed-out on the number of grievances that he could submit through the jail's

2

kiosk system and that, although defendants contend a detainee in this situation can file a paper grievance, no such forms were available. Were this true, it might excuse the failure to exhaust, at least in part. But Scott offers no competent evidence—such as an affidavit—to support his contentions. On the noise claim, Scott says that a mental health counselor told him he would bring Scott's concerns to the attention of jail administrators. Again, this contention is not supported by any competent evidence, and that aside, this does not excuse the initiation or appealing of a grievance.

## Conclusion

For the reasons stated above, the Court grants defendants' *Pavey* motion in part. Plaintiff's claims regarding inadequate drinking water and excessive noise are dismissed for failure to exhaust administrative remedies. Defendants' motion is otherwise denied.

Date: July 16, 2018

_____
MATTHEW F. KENNELLY
United States District Judge